UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAHUM SOTELO SALVATIERRA, | Civil Action No. 25-18608 (BRM) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| PAM BONDI, *et al.*, | |
| Respondents. | |

**THIS MATTER** is before the Court on Petitioner Nahum Sotelo Salvatierra's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention by immigration authorities without an individualized bond hearing (ECF No. 1) and Respondents' letter response (ECF No. 4).

Petitioner, a citizen of Bolivia, has been living in the United States and entered the United States without inspection. (ECF No. 1 at 1.) On November 29, 2025, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents. (*Id.*) Petitioner has been in ICE detention since his arrest. (*Id.*) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.* at 2.)

On December 16, 2025, the Court ordered Respondents to file an answer. (ECF No. 2.) Respondents filed a letter response on December 26, 2025. (ECF No. 4.)

The Petition contends Petitioner is unlawfully detained under 8 U.S.C. § 1225(b) without a bond hearing. (*See* ECF No. 1.) Respondents argue that Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1) mandatory detention provision. (ECF No. 4.) Respondents provide a brief

argument that Petitioner was either "released or paroled" into the United States following a credible-fear screener interview for an asylum claim. (*Id.* at 1–2.) Respondents claim the fact that Petitioner was "released or paroled" after his credible-fear screener interview and was later re-detained does not change his detention from §1225(b)(1) to § 1226(a). (*Id.* at 2.) Respondents claim Petitioner's detention is now mandatory pending removal proceedings under § 1225(b)(1)(B)(ii), which states that, with a positive credible fear determination, the alien "shall be detained" throughout the removal proceedings. (*Id.*)

Respondents have failed to provide support for their position. There is no evidence of record that Petitioner was in fact "paroled" into the United States following his initial credible-fear interview pursuant to 8 U.S.C. § 1182(d)(5)(A). Rather, Respondents submit that Petitioner was "released *or* paroled." (*Id.* (emphasis added).) This is not a showing that Petitioner was initially paroled into the United States. Respondents have only provided the Court with a copy of Petitioner's Record of Deportable/Inadmissible Alien I-213 Form that was created the day of Petitioner arrest on November 29, 2025. (ECF No. 4-1.) The I-213 Form indicates only that Petitioner was provided with a Notice to Appear following her credible-fear interview. (*Id.* at 2.) There is no indication on the I-213 Form that Petitioner was paroled into the United States. Respondents have not shown that Petitioner was paroled into the country.

Courts in this District, including this Court in the recent matter *Sandhu v. Tsoukaris*, No. 25-14607 (BRM), have considered whether noncitizens who are detained after having already been in this country are unlawfully held in mandatory detention under § 1225(b) and need to be treated as being held the discretionary authority of 8 U.S.C. § 1226(a). In *Sandhu*, Respondents argued DHS has implemented a new policy interpreting INA § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection

and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).

In *Sandhu*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *Sandhu*, No. 25-14607 (ECF Nos. 7, 8). The Court held that Sandhu was unlawfully held in mandatory detention under § 1225(b)(2) and need to be treated as being held the discretionary authority of 8 U.S.C. § 1226(a).

In *Sandhu*, this Court explained the following:

> The issue of whether Petitioner is properly detained under § 1225(b) or § 1226(a) is similar to that of many cases in this District and around the country. "The line historically drawn between these two sections . . . is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288–89); *see also Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025) ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country for over twenty-six years and was already within the United States when apprehended and arrested during a traffic stop, and not upon arrival at the border.").
>
> . . .
>
> For nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to those aliens arrested within the interior of the United States. The Supreme Court in *Jennings* explicitly adopted this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." [*Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018)]. And although the *Jennings* Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the "default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. *Id.* at 303.
>
> The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, as well as the BIA's interpretation in *Hurtado*,

3

as contradictory to the plain text of § 1225.[1] *See, e.g., Soto* [*v. Soto, et al.*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025)] (finding that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, "seeking admission" to the United States and not petitioners who have been residing in the United States); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 at * 6 (D. Minn. Oct. 1, 2025) (noting that "the government's proposed interpretation of § 1225(b) [is] at odds with the context and structure of the provisions governing detention of noncitizens who are arriving at the border and those who are already present in the country"); *Zumba*, 2025 WL 2753496 at * 3 (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)"); *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis*, No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); [collecting additional cases].

*Sandhu*, No. 25-14607 (ECF No. 7 at 7–11).

Based on this Court's statutory interpretation in *Sandhu*, No. 25-14607, the Court finds the facts asserted in the Petition establish Petitioner was detained after being present in the United States and his detention is authorized only by 8 U.S.C. § 1226(a), and not § 1225(b).

Accordingly, and for good cause appearing,

**IT IS** on this 7th day of January 2026,

**ORDERED** the Petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** Respondents shall treat Petitioner as detained under 28 U.S.C. § 1226(a); and it is further

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

**ORDERED** that, as soon as practicable but <u>**no later than 7 days from the date of this Order**</u>, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; and it is further

**ORDERED** within <u>**3 business days**</u> of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** the Clerk of Court shall serve a copy of this Order and the accompanying Opinion upon the parties electronically.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**